#14208
$150

FILED

04 JAN 29 AM 10: 10

CLERK, US...
MIDDLE DIST....
ORLANDO,...

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY KITCHINGS and OSCAR PALAU,
on behalf of themselves and all other similarly
situated employees,

        Plaintiff,

vs.

CASE NO. 6:04-cv-127-ORL-31JGG

THE FLORIDA UNITED
METHODIST CHILDRENS
HOME, INC., a Florida Corporation

        Defendant.

_____/

## COMPLAINT

Plaintiffs, GARY KITCHINGS and OSCAR PALAU, on behalf of themselves and all other similarly situated employees, sue Defendant, THE FLORIDA UNITED METHODIST CHILDRENS HOME, INC., for failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended 29 U.S.C. §201, et.al. (hereinafter "FLSA").

## PARTIES

1.    Plaintiff, GARY KITCHINGS (hereinafter "KITCHINGS") is a resident of Seminole County, Florida and was employed by Defendant THE FLORIDA UNITED METHODIST CHILDRENS HOME, INC., as a houseparent beginning May 1999 and ending April 2003.

2.    Plaintiff, OSCAR PALAU (hereinafter "Palau") is a resident of Seminole County, Florida and has been employed by the Defendant THE FLORIDA UNITED METHODIST CHILDREN HOME, INC. as a houseparent from March 2002 to October

1

2002 and from March 2003 to present.

3. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees.

4. Defendant, THE FLORIDA UNITED MEHTODIST CHILDRENS HOME, INC., is a Florida corporation engaged in the care of children and maintains and operates a facility in Volusia County, Florida.

## JURISDICTION

5. At all times material hereto, Plaintiffs were employees of Defendant and were engaged in commerce or the production of good for commerce as those terms are defined under the FLSA.

6. At all times material hereto, Defendant was an enterprise engaged in commerce whose annual gross volume of sales made or business done is not less than $500,000.

7. As a consequence, this Court has subject matter jurisdiction over this action under the FLSA and because this action involves a federal questions under 28 U.S.C. §1331.

## GENERAL ALLEGATIONS

8. Plaintiff KITCHENINGS represents a class of similarly situated employees within the meaning of the FLSA consisting of current and former houseparents employed by the Defendant from May 1999 through April 2003 who were not paid time and one-half his or her regular hourly rate of pay for hours worked in excess of 40 in any workweek.

9. Plantiff PALAU respresents a class of similarly situated employees within the meaning of the FLSA consisting of current and former houseparents employed by the Defendant from March 2002 through April 2003 and October 2003 through the present who were not paid time and one-half his or her regular hourly rate of pay for those hours worked in excess of 40 in any workweek.

10. During Plaintiffs' employment, Defendant required, suffered or permitted Plaintiffs and all other similarly situated employees to work in excess of 40 hours in one or more workweeks (hereinafter "overtime hours").

11. Defendant was aware the FLSA required it to pay Plaintiffs and each member of the classes time and one-half his or her regular hourly rate of pay for each such overtime hour (hereinafter "overtime pay").

12. Nevertheless, Defendant failed and refused to pay Plaintiffs and each member of the classes overtime pay for overtime hours he or she worked.

13. During Plaintiffs' employment with Defendant, Plaintiffs complained to Defendant's management about not being paid overtime pay for overtime hours.

14. All conditions precedent to filing this action have occurred, have been performed or have been waived.

15. Plaintiffs have retained the undersigned counsel to represent their claims and the claims of the classes regarding the overtime claim and are obligated to pay said counsel a reasonable attorney fee.

16. Defendant was aware Plaintiffs, and each member of the classes, had worked overtime hours during one or more workweeks and that the FLSA required it to

pay them overtime pay for said overtime hours; but it, nevertheless, failed and refused to pay such overtime pay in willful violation of the FLSA.

17. As a result of the Defendant's willful violation of the FLSA, Plaintiffs and each member of the classes are entitled to recover damages in the amount of the overtime pay due and owing to them under the FLSA, an equal amount as liquidated damages for Defendant's willful violation of the FLSA, and attorney's fees.

**WHEREFORE,** Plaintiffs GARY KITCHENS and OSCAR PALAU, on behalf of themselves and each member of the classes, respectfully requests the Court to enter judgment against Defendant THE FLORIDA UNITED MEHTODIST CHILDRENS HOME, INC., for:

A. The total amount of overtime pay due them and the members of the classes;

B. An equal amount as liquidated damages for Defendant's willful violation of the FLSA;

C. Pre-judgment interest in the event liquidated damages are not awarded;

D. Attorney's fees under the FLSA;

E. Costs; and

F. Such other relief as the Court deems just and equitable.

Respectfully submitted,

*[signature]*

CHARLES SCALISE, ESQ.
Florida Bar No.: 0776327
PANTAS LAW FIRM
1720 South Orange Ave., Ste. 302
Orlando, FL 32806
Telephone: (407) 425-5775
Facsmile: (407) 425-2778